TATE, Judge
(concurring).
The petition, as amended, pleaded a conveyance to defraud the wife; but it did not plead that the conveyance was a simulation (i. e., without any consideration at all).
Under the peculiar circumstances of this case — where the first-pleaded cause of action on simulation was amended out of the petition — ■, possibly amendment of the petition to specifically plead simulation is required before evidence as to same was admissible. Ordinarily, I would say that, since simulation is a species of fraudulent “conveyance”, the pleadings even as amended had sufficiently put the opponent on notice as to the type of evidence to be introduced. An exception pleading vagueness could have been used, for instance, if there was any doubt.
Actually, there was no doubt as to the main outline of the wife’s attack on the deed by her husband to his brother-in-law. (The latter, living in the same house in Alabama as the husband, miraculously had saved three thousand dollars in cash to pay for the Alexandria, La., house, despite having only a small checking account and living mostly on credit like the rest of us.) The discovery depositions, the interrogatories, the subpoenas, if not the pleadings themselves, indicated clearly the wife’s attack upon the lack of consideration paid by the “purchaser” to the seller-husband.
If indeed the amendment surprised the opponent, then continuance is the appropriate protection. And if this otherwise unnecessary continuance causes unreasonable expense (as here, where the opponents had come from Alabama for three days of the trial), then indeed it is appropriate to make the amender pay the expenses occasioned by his pleading neglect. I therefore concur in the majority opinion.
However, I initially had genuine doubts that the “change” of theory by the amendment really surprised the opponent so as to require a continuance.
The court is given the discretionary power to grant a continuance when the opponent needs it to meet the evidence permitted by an amendment during trial. LSA-C.C.P. Art. 1154. However, the continuance’s need is occasioned by “actual” surprise, not a theoretical one occasioned by a change in the pleadings' — a lack of actual advance notice (from the pleadings or otherwise). That evidence to support a claim not pleaded will be offered at the trial, coupled with a consequent lack of opportunity to prepare to meet it. James, Civil Procedure, Section 5.5(1965); 3 Moore, Federal Practice, Section 15.14 (2d ed. 1958); Amendment of Pleadings, 38 Tul.L.Rev. 211, 229 (1969).
I have some doubt that, in this sense, the opponents were really surprised by the amendment and actually unprepared to meet it. The difference between pleading no consideration and inadequate consideration (as specifically pleaded) is a matter of degree, not kind. My own view initially was that the trial court should have permitted amendment, without continuance, and have permitted introduction of the evidence sought to prove that no consideration at all was sought- — permitting a continuance or leaving the note of evidence open only if subsequent development in the trial indicated such to be proper.
However, I yield to the consensus of the court that both amendment and continuance were necessary, under the particular facts of this case. I therefore concur in the opinion of the majority.